AMERICAN PEANUT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6809. Promulgated April 29, 1927.

Amounts paid out for the replacement of machinery and equipment destroyed, damaged and replaced as the result of an accident, are not deductible in determining net income.

*Tazewell Taylor, Esq.,* for the petitioner.
*A. H. Fast, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for the fiscal year ended October 31, 1919, in the amount of $12,452.84. The deficiency results from the action of the Commissioner in disallowing as a deduction expenditures made by the petitioner for machinery and equipment installed in its plant to take the place of property destroyed, damaged or removed as a result of an accident in the plant.

### FINDINGS OF FACT.

The petitioner is a corporation organized under the laws of Virginia, with its principal office in Norfolk. It was organized prior to March 1, 1913, and has been engaged in the business of cleaning and handling peanuts. On its organization it purchased all the machinery, including boilers and generators, of another company which had been engaged in the same business in Suffolk, Va. The petitioner leased the building in which this machinery and plant were located.

In 1919 the petitioner had an accident in its plant. A flywheel on one of the engines went to pieces and, in addition to killing one man, did considerable damage to the machinery. Engines, generators, switchboards and wiring used by the petitioner for generating power were destroyed and other property was destroyed or damaged. The direct current motors and equipment used therewith were out of commission because there was no generator by which they could be operated. The plant was temporarily shut down.

At the time of the accident the petitioner generated its own electricity and had direct current equipment. After the accident it was desired to replace equipment and make repairs as quickly as possible in order to save loss resulting from the discontinuance of operation. A secondhand alternating current motor generator was acquired at a cost of $4,500 in order to use electric current provided by the local power company. After the accident it was decided to install alternating current motors and to purchase current direct from the local power company instead of generating its own power. The power purchased was alternating current instead of direct which had been generated by petitioner. It was necessary, however, to procure transformers with which to change the current to direct. As the result of this change boilers, direct current motors and equipment for their use were removed and scrapped. The secondhand generator was sold at approximately its cost.

After the new equipment was installed the petitioner was able to operate as before but the plant was of no greater capacity and was no more efficient than before the accident. The total amount expended for replacements and repairs, including the motor generator,

which cost $4,500 and was acquired for temporary purposes, was $22,128.35. The petitioner deducted in its income and profits-tax return all the expenditures made by it in replacing and repairing this equipment. The respondent allowed as a deduction only such portion of the expenditures as he considered to be in the nature of repairs and disallowed such portion thereof as he considered was for replacements of machinery or equipment. This resulted in the deficiency asserted.

The actual value of the property destroyed at the time added to the value of that removed after the accident, was in excess of the amount expended for equipment installed after the accident and for repairs. A large portion of the machinery removed, however, was not damaged but was removed for the purpose of installing another kind of machinery and equipment. Nothing that was physically destroyed was replaced.

## OPINION.

TRAMMELL: The only issue presented in this proceeding is whether the petitioner is entitled to a deduction on account of the replacements and repairs. On this issue we must approve the determination of the respondent. Replacements of the character here involved are capital expenditures. While repairs are deductible as expense, the respondent allowed such amounts as were shown to be for repairs in determining the proposed deficiency and disallowed only such portion of the amounts expended as he considered to be capital expenditures or for replacements. No portion of the amount disallowed is shown to have been expended for repairs. The machinery and equipment installed after the accident were of a different kind from that destroyed and damaged and a considerable portion of that removed was not destroyed or physically affected by the accident.

> *Judgment will be entered on 15 days' notice, under Rule 50.*